UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WM CAPITAL PARTNERS, LLC,

       Plaintiff,

                                  Case No. 1:13-cv-549

v.                                     Hon. Hugh W. Brenneman, Jr.

MICHAEL C. COON and
SHEA COON,

       Defendants.
_____/

## OPINION

Plaintiff, WM Capital Partners, LLC ("WM Capital") filed the present diversity action against defendants Michael C. Coon ("Mr. Coon") and Shea Coon ("Mrs. Coon") (collectively referred to as "Borrowers") for failure to pay amounts owed on two promissory notes. This matter is now before the court on WM Capital's second motion for summary judgment (docket no. 39).

      **I.**      **Background**

The Court set forth the underlying facts in this case in its September 22, 2014 Opinion (docket no. 33). To summarize, the Borrowers obtained a loan from the Tennessee Commerce Bank, which plaintiff WM Capital purchased from the FDIC. On October 3, 2012, the relevant promissory note matured and all amounts due to WM Capital became immediately due and owing. On February 20, 2013, WM Capital sent a demand letter to each of the Borrowers notifying them that they were in default and that the entire $109,489.87 balance of the indebtedness was immediately due and owing. *See* Demand Letters (docket nos. 2-1 and 2-2).

WM Capital's Complaint consisted of two counts for relief. In Count I, WM Capital alleged that Mr. Coon failed to make payments pursuant to the loan documents, which included all principal and accrued interest not paid as of October 3, 2012, a late charge in the amount of 5% for each late payment, and all attorneys' fees and expenses incurred by TCB and WM Capital. Compl. (docket no. 1 at pp. ID## 3-4). This resulted in an amount due from Mr. Coon in excess of $109,489.87 plus interest, late charges and attorneys' fees and expenses. *Id.* at p. ID# 4. In Count II, WM Capital alleged the same claims against Mrs. Coon. *Id.* at pp. ID## 4-5.

WM Capital moved for summary judgment on both counts. In its opinion and order entered on September 22, 2014, the Court granted the motion on the issue of liability, denied the motion without prejudice as to the issue of damages, and allowed WM Capital to file a renewed motion for summary judgment to establish the amount owed by the Borrowers. *See* Opinion (docket no. 33); Order (docket no. 34). This matter is now before the Court on WM Capital's second motion for summary judgment which seeks to establish the amount owed.

**II.     Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III.  Discussion

In its complaint, WM Capital sought relief in the amount of "$109,489.87 plus interest, late charges and attorneys' fees and expenses." Compl. at p. ID# 5. WM Capital's present motion for summary judgment, however, is limited to $109,489.87. Motion (docket no. 39 at p. ID#454). In seeking this amount, WM Capital states:

> The Defendants have not made any payments to WM Capital on the Loan Documents subsequent to the Demand Letters. And although the Loan Documents entitle it to interest accrued and attorneys' fees incurred in the collection of the Indebtedness, WM Capital is not seeking a judgment for any of those additional sums, but rather seeks judgment in the total amount of $109,489.87 as reflected in the Demand Letters.

*Id.* at ¶ 4 (p. ID# 452).

In support of this amount owed, WM Capital submitted the October 6, 2014 affidavit of Roy Watters, identified as the "Senior Litigation/Bankruptcy Coordinator for Portfolio Financial Servicing Company ('PFSC')" located in Portland, Oregon. Roy Watters Aff. at ¶ 1 (October 6,

2014) (docket no. 39 at p. ID# 476). Mr. Watters' affidavit stated in pertinent part: that PFSC is the servicing agent appointed by WM Capital "to service, administer, manage and supervise the collection of the loan at issue in the above-captioned case"; that he "personally reviewed the loan documentation giving rise to the above-captioned case, including but not limited to both of the promissory notes, the forbearance agreement, the forbearance extension agreement, the Defendants' payment history, the demand letters sent to the Defendants, an account payoff statement, and the legal invoices from the law firm representing WM Capital in this matter, SmithAmundsen, LLC." *Id.* at ¶¶ 2-4 (pp. ID## 476-77).

> Mr. Watters further stated:
>
> 5. On February 20, 2013, WM Capital, through its counsel, sent a demand letter to each of the Defendants notifying them that they were in default of the loan documentation and that the entire $109,489.87 balance of the Indebtedness under the Loan Documents (as those terms are defined in the Motion for Summary Judgment) was immediately due and owing (the "Demand Letters").
>
> 6. The Defendants have not made a payment on the Indebtedness since the issuance of the Demand Letters. Consequently, as of January 31, 2013, the Defendants owed WM Capital the total amount of $109,489.87. *See* Account Payoff Statement dated January 31, 2013 attached hereto as Exhibit 1.
>
> 7. Pursuant to the terms of the Loan Documents, the Defendants are also required to pay interest and all attorneys' fees and costs incurred in the collection of any unpaid amounts due and owing. *However, WM Capital is not seeking any of the additional interest or attorneys' fees to which it is entitled under the Loan Documents*.
>
> 8. Consequently, the Defendants currently owe WM Capital the total amount of $109,489.87.

*Id.* at ¶¶ 5-8 (p. ID# 477) (emphasis added). The January 31, 2013 Account Payoff Statement addressed to the Borrowers states that as of January 31, 2013 the payoff amount for loan

5399260001 is $109,489.86, consisting of principal in the amount of $97,923.21 and interest in the amount of $11,566.65.  Payoff Statement (docket no. 39 at p. ID# 479).

In their response, the Borrowers contend that WM Capital has not presented sufficient evidence to prevail on its motion.  The Borrowers contend that WM Capital's second motion for summary judgment misrepresented the nature of the Account Payoff Statement, when WM Capital asserted that the Account Payoff Statement "details each and every payment made by the [Borrowers] under the Loan Documents and evidences the amount due and owing under the Loan Documents as of January 31, 2013 is $109,489.97."  Motion for Summary Judgment at ¶ 10 (docket no. 39 at p. ID# 454).  The Borrowers further contend that the cryptic nature of the Account Payoff Statement is insufficient to support a grant of summary judgment:

> It [the Account Payoff Statement] consists of nothing more than the names and address of Mr. and Mrs. Coon and one sentence that lists the principal amount of the loan and the interest amount of the loan.  It does not detail payments, an amortization schedule, an interest rate, nor does it provide evidence of where the numbers it lays out as a payoff come from.  It continues to be unclear to Mr. and Mrs. Coon how the damages being requested by WM Coon [sic] are calculated, what the value was of the loan at the point of assignment to WM Capital, if payments were properly applied, and what interest rate WM Coon [sic] has used to compute the interest it is claiming.

Borrowers' Response (docket no. 41 at pp. ID## 482-83).  That being said, the Borrowers cite no legal authority to support their position that the Account Payoff Statement is inadequate to support a motion for summary judgment[1] and present no evidence to demonstrate that the Account Payoff Statement is inaccurate.  In this regard, the Borrowers did not provide a counter-affidavit to dispute the facts as set forth in Mr. Watters' October 6, 2014 Affidavit.

---

[1] *See* W.D. Mich. LCivR 7.1(a) ("All briefs filed in support of or in opposition to any motion shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies").

Contrary to the Borrowers' contention, Mr. Watters' October 6, 2014 affidavit is not deficient for failing to include a detailed accounting of the amount due. As long as the affiant has personal knowledge of the affidavit's subject matter, an affidavit containing a single conclusory phrase of the indebtedness which an individual owed to a bank, "unsupported by any attached [b]ank records and without explanation of how the amount owed was derived," is sufficient to meet a moving party's burden to show that there is no genuine issue of material fact regarding the existence and amount of the deficiency for purposes of a summary judgment motion. *See Abrams v. Federal Deposit Insurance Corporation*, 944 F.2d 307, 312 (6th Cir. 1991). In *Abrams*, the sole evidence presented to support a motion for summary judgment on the existence and amount of an indebtedness owed to a bank was an affidavit of an employee responsible for the matters involved in the case which stated:

> That at the time of said Bank failure, the Bank's records showed that Plaintiff Jack H. Abrams was justly indebted to the Bank pursuant to a promissory note dated October 18, 1976 (a true copy of which is labeled Exhibit A and annexed to FDIC's Motion for Summary Judgment) and a contract dated December 10, 1980 (a true copy of which is labeled Exhibit B and annexed to FDIC's Motion for Summary Judgment filed Herewith) *in the amount of $19,822.63*.

*Id.* at 311-12 (emphasis in original). To quote the Sixth Circuit,

> Skimpy as it is, this affidavit is based upon personal knowledge of the affiant and is sufficient under Rule 56, Fed.R.Civ.P., to meet the moving party's burden to show there is no genuine issue of material fact regarding the existence and the amount of the deficiency.

*Id.* at 312. If such an affidavit is unrefuted, then there would by no other evidence pertaining to the existence or amount of the deficiency for a rational jury to consider. *See id.* Similarly, in the present case, there is no evidence that Mr. Watters lacked personal knowledge to execute the October 6, 2014 affidavit. The record reflects that Mr. Watters' reviewed the loan documents,

6

"including but not limited to both of the promissory notes, the forbearance agreement, the forbearance extension agreement, the Defendants' payment history, the demand letters sent to the Defendants, an account payoff statement, and the legal invoices from the law firm representing WM Capital in this matter, SmithAmundsen LLC." Watters' Aff. (Oct. 6, 2014) at ¶ 4 (docket no. 39 at pp. ID## 476-77). Although Watters' October 6, 2014 affidavit might be characterized as "skimpy," it is sufficient to establish the amount owed by the Borrowers for purposes of a summary judgment motion.

Borrowers also point to an apparent inconsistency in an earlier affidavit prepared by Mr. Watters on January 30, 2014. In that earlier affidavit, which was attached to WM Capital's first motion for summary judgment, Mr. Watters appears to have listed two different balances due on January 31, 2013:

> 5. On February 20, 2013, WM Capital, through its counsel, sent a demand letter to each of the Defendants notifying them that they were in default of the loan documentation and that the entire $109,489.87 balance of the Indebtedness under the Loan Documents (as those terms are defined in the Motion for Summary Judgment) was immediately due and owing (the "Demand Letters").
>
> 6. The Defendants have not made a payment on the Indebtedness since the issuance of the Demand Letters.
>
> 7. As of January 31, 2013, the Defendants owed WM Capital the total amount of $109,489.87. *However, pursuant to the terms of the Loan Documents, the Defendants are also required to pay interest, and any and all attorney's fees and costs incurred in the collection of any unpaid amounts due and owing.*
>
> 8. Consequently, the Defendants *currently* owe WM Capital significantly more under the Loan Documents than they did as of January 31, 2013. In fact, *as of January 31, 2013*, the Defendants owed WM Capital the amount of $139,447.35 plus accrued attorneys' fees and costs.

Watters Aff. at ¶¶ 5-8 (Jan. 30, 2014) (docket no. 20-5 at p. ID# 216) (emphasis added).

The Court notes that an apparent inconsistency exists between ¶ 7, which states that as of January 31, 2013 the Borrowers owed WM Capital the total amount of $109,489.87, and ¶ 8, which includes additional amounts due on that date. Mr. Watters provides no explanation for the additional amount ($29,957.48) owed by the Borrowers.[2] WM Capital did not address this discrepancy, having failed to file a reply to the Borrowers' response. Nevertheless, this inconsistency does not preclude WM Capital from obtaining summary judgment.

In deciding on WM Capital's original motion for summary judgment (which was supported by Mr. Watters' January 30, 2014 affidavit), the Court found that WM Capital's proofs were lacking as to damages, stating in pertinent part that "[w]hile WM Capital seeks entry of a judgment against both Mr. and Mrs. Coon in the amount of $109,489.87, plus interest, late charges and attorneys' fees and expenses, it has not provided evidence to establish the specific amount owed." Opinion (docket no. 33 at p. ID# 440). Now, it appears that WM Capital's second motion for summary judgment has dropped claims for additional unstated amounts of interest, late charges, attorneys' fees and expenses, and limited damages to $109,489.87, the amount due in the Account Payoff Statement of which there is no question.

Viewing the evidence in the light most favorable to the non-moving parties (the Borrowers), the Court finds that WM Capital is entitled to summary judgment in the amount of $109,489.87. Despite the apparent inconsistency contained in Mr. Watters' earlier January 30, 2014 affidavit regarding additional amounts due on January 31, 2013, WM Capital has since limited its damages to the amount due on the Account Payoff Statement. It is undisputed: that as of January

---

[2] For example, this discrepancy could be a typographical error (referencing January 31, 2013 rather than the current date as suggested in ¶ 8), or an alternative calculation of the amount due (which reflects additional charges which were allowed under the loan documents in excess of the January 31, 2013 Account Payoff Statement amount of $109,489.87).

31, 2013, the Account Payoff Statement balance was $109,489.87; that this amount was requested in the February 20, 2013 demand letters; and that the Borrowers have not made a payment on that amount since the issuance of the demand letters.

### IV.     Conclusion

Accordingly, WM Capital's second motion for summary judgment (docket no. 39) will be **GRANTED** in the amount of $109,489.87.  There are no further issues in this case.  A Judgment consistent with this opinion shall issue forthwith.


Dated:  January 9, 2015                                        /s/ Hugh W. Brenneman, Jr.
                                                           HUGH W. BRENNEMAN, JR.
                                                           United States Magistrate Judge